UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATTHEW CUNNINGHAM,

Plaintiff,

v.

CAUSE NO. 3:19-CV-10 DRL-MGG

MONTGOMERY & ASSOCIATES, INC.,

Defendant.

OPINION AND ORDER

Matthew Cunningham, a professional photographer, filed this action alleging copyright infringement against Montgomery & Associates, Inc. for the unauthorized use of his photograph. ECF 1. Montgomery has neither responded to the complaint nor appeared in the case. An entry of default was already made under Rule 55(a) (ECF 9), and Mr. Cunningham now requests default judgment under Rule 55(b)(2) (ECF 10).

BACKGROUND

Mr. Cunningham is a professional photographer. ECF 1 at 1. At some time, Mr. Cunningham took a photograph of Jessica and Nick Rosier at an event that precipitates this suit. *Id.* at 2; ECF 1-1 at 2. The photograph was originally published March 10, 2016. ECF 1-2 at 2. On or about May 24, 2018, Montgomery ran an article in its magazine, *The Beacher*, which featured the photograph without permission or attribution. *Id.* at 3; ECF 1 at 3; ECF 1-3 at 2.

Mr. Cunningham claims Montgomery infringed his copyright in the photograph by reproducing and publicly displaying it in its magazine without attribution, violating 17 U.S.C. § 106, and that Montgomery intentionally removed copyright management information (CMI) from the photograph, violating § 1202(b) of the Digital Millennium Copyright Act (DMCA). ECF 1 at 3,4. Mr.

Cunningham is now requesting default judgment against Montgomery for $5,000.00 in actual damages pursuant to § 504(b); $10,000.00 in statutory damages pursuant to § 1203(c)(3)(B); $2,550.00 in attorney fees and $440.00 in costs under § 1203(b)(5); and any further relief the court deems just and proper. ECF 10 at 1.

## STANDARD

The court has discretion in granting a motion for default judgment. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). A default judgment is justified when "the defaulting party has exhibited a willful refusal to litigate the case properly," as shown by "a party's continuing disregard for the litigation and for the procedures of the court" and a "willful choice not to exercise even a minimal level of diligence." *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003). Generally, all well-pleaded factual allegations of the complaint will be taken as true and entitle plaintiff to relief. *See Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). Beyond the well-pleaded allegations, the court may also consider several factors when determining whether to grant a default judgment, including: (1) the amount of money requested; (2) delays resulting in prejudice to the plaintiff; (3) material issues of fact or substantial public importance; (4) and whether the default is strictly technical. *Cameron v. Myers*, 569 F.Supp.2d 762, 764 (N.D. Ind. 2008).

A determination of liability does not end the default judgment analysis. Once liability has been determined, the damages alleged by the plaintiff must still be proven. *See Wehrs*, 688 F.3d at 892. An evidentiary hearing is required to determine damages unless the plaintiff is seeking a reasonably certain amount that can be ascertained through documentary evidence or detailed affidavits. *Domanus v. Lewicki*, 742 F.3d 290, 304 (7th Cir. 2014) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1322 (7th Cir. 1983)).

DISCUSSION

In this case, a hearing is not necessary to determine Mr. Cunningham is entitled to a default judgment. Taking all well-pleaded factual allegations in the complaint as true, Mr. Cunningham has established ownership of the photograph copyright, that Montgomery infringed on this copyright when it used the photograph in its magazine, and that Montgomery knowingly removed CMI from the photograph. Montgomery was served on January 24, 2019, (ECF 6) but has not responded in any way to the proceedings, so the court finds that default judgment is appropriate in this case.

What is more difficult to determine is whether Mr. Cunningham has met his evidentiary burden on damages. Mr. Cunningham has submitted only one affidavit, that of his counsel, Mr. Richard Liebowitz (ECF 11); and the documentary evidence attached to the complaint (e.g., the photograph) does not inform the subject of damages.

Mr. Liebowitz gives an account of his fees and costs incurred during this litigation and legal authority informing the court's award of statutory damages under § 1203(c)(3)(B); however, he seems not to speak to the § 504(b) actual damages incurred by Mr. Cunningham. Without additional evidence, mere assertions of what Mr. Cunningham is claiming is not enough to prove actual damages. *See Bell v. Taylor*, 827 F.3d 699, 709 (7th Cir. 2016) (quoting *On Davis v. The Gap, Inc.*, 246 F.3d 152, 166 (2d Cir. 2001)) ("The question is not what the owner would have charged, but rather what is the fair market value."). The court lacks not just evidence of a reasonably certain amount, but also enough evidence to satisfy § 504(b). If Mr. Cunningham believes he is entitled to actual damages under § 504(b), then he must present evidence or request an evidentiary hearing on the matter.

Mr. Cunningham also requests statutory damages under § 1203(c)(3)(B) of the DMCA in the amount of $10,000. Under Section 1203(c)(3)(B), the court may grant statutory damages for each violation of § 1202 "in the sum of not less than $2,500 or more than $25,000." Mr. Liebowitz has

provided examples of similar cases where the courts have found $10,000 an appropriate amount (ECF 11 4-5); and the court agrees that $10,000 is appropriate here.

Finally, Mr. Liebowitz requests attorney fees and costs in the amount of $2,550 and $440 respectively. *Id.* at 6. The court, in its discretion, may award reasonable attorney fees and costs under § 1203(b)(4)-(5). In his affidavit, Mr. Liebowitz provides the amounts charged for each task and any court costs. ECF 11 at 6. The court is satisfied with this evidence; it is reasonably certain and reasonable.

Accordingly, the court GRANTS IN PART Mr. Cunningham's motion for default judgment against Montgomery (ECF 10) and DIRECTS the clerk to enter judgment in Mr. Cunningham's favor and against the defendant in the amount of $12,990.00, with post-judgment interest to accrue by law. The motion is otherwise denied.

SO ORDERED.

September 23, 2019

*s/ Damon R. Leichty*
Judge, United States District Court